[No. H001639. Sixth Dist. June 10, 1987.]

THOMAS HEALY et al., Plaintiffs and Respondents, v. ALBERT ONSTOTT, Defendant and Appellant.

## COUNSEL

George W. Kennedy for Defendant and Appellant.

Martin Drobac, Dina Curotto and Drobac & Drobac for Plaintiffs and Respondents.

## OPINION

**BRAUER, J.—** We here consider the rights of a co-owner of a private easement who declines to accept the award of an arbitrator appointed pursuant to Civil Code section 845.

That section was originally passed in 1939 and has been amended once, in 1985. The former statute was in effect during the relevant time. Former Civil Code section 845 provided that co-owners of a private right-of-way must share the maintenance of the easement according to an agreement or, "proportionately to the use made of the easement by each owner." The section further provided: "In the absence of an agreement, any owner of the easement, or any owner of land to which the easement is attached, may apply to the superior court where the right of way is located for the appointment of an impartial arbitrator to apportion such cost. If the arbitration award is not accepted by all of the owners, the court may determine the proportionate liability of the owners, and its order shall have the effect of a judgment." The amended statute rewrote the section, and subdivision (c) now provides: "In the absence of an agreement, the cost shall be shared proportionately to the use made of the easement by each owner. [¶] Any owner of the easement, or any owner of land to which the easement is attached, may apply to any court where the right-of-way is located . . . for the appointment of an impartial arbitrator to apportion the cost. . . . If the arbitration award is not accepted by all of the owners, the court may enter a judgment determining the proportionate liability of each owner. . . ."

Appellant Albert Onstott is the former owner of a vacant lot in a 12-parcel subdivision located in Santa Cruz County. Three lots are improved with residences; nine lots are vacant. The lots are connected to the public roadway by a private road in which each lot has been granted an easement

by deed. There is no agreement among the co-owners of this easement respecting the cost of maintaining it in repair.

The private right-of-way traverses Hester Creek by means of a bridge which was destroyed by a severe storm in January 1982. Respondents Thomas and Diane Healy took the initiative and arranged for the replacement of the bridge at an approximate cost of $30,000. Onstott and two other co-owners refused to share in this cost. Using the procedure authorized by Civil Code section 845, the nine contributing co-owners obtained an order appointing an impartial arbitrator. Hearing was held and a decision rendered which apportioned liability for the cost of the bridge among the co-owners equally. The decision also set responsibility for past and future maintenance, taking into consideration whether or not a lot was improved, whether or not the improvement was a permanent or vacation residence, and the distance of each particular lot to the public roadway. Onstott declined to comply with the decision and respondents filed a petition to confirm the award under Civil Code section 845. The petition (1) alleged that Onstott had failed to pay the amount determined by the arbitrator's formula, (2) prayed for an order confirming the award, and (3) for judgment in the amount due.

A hearing was held at which Onstott first contended that the hearing itself was procedurally improper because he was entitled to a trial and fewer than all of the co-owners were before the court. He next urged that the arbitrator's decision was erroneous because the bridge replacement was an improvement rather than maintenance. Finally, he argued that the arbitrator's decision was contrary to the statute because he had never in fact used the right-of-way (in addition to the unimproved state of his lot, Onstott emphasized that he was a resident of the Philippines).

The court below denied Onstott a trial and instead employed the confirmation procedure of Code of Civil Procedure section 1285 et seq. The court then heard argument on the merits, confirmed the award, and rendered a judgment against Onstott in the amount determined by the arbitrator. Onstott appeals from this judgment.

We conclude that the court below erred in denying Onstott a trial de novo.

Neither former nor existing Civil Code section 845 is a model of clarity. The manner in which the court determines proportionate liability of an easement's co-owners is not specified. But we are satisfied that the confirmation procedure outlined in the statutory arbitration scheme which gives near conclusive weight to the arbitrator's decision (see Code Civ.

Proc., §§ 1286.2, 1286.6) does not apply to arbitration under Civil Code section 845 because those sections only apply to voluntary arbitration pursuant to agreement. (Code Civ. Proc., §§ 1281, 1282.) Civil Code section 845 requires that an arbitrator apportion costs before the matter reaches court. This statutory scheme is compulsory. To construe this statute in a manner which incorporates the features of the voluntary arbitration statute involuntarily deprives an affected party of his constitutional right to trial.

■ Compulsory arbitration conflicts "with the 14th Amendment of the Federal Constitution in that it works a deprivation of property and liberty of contract without due process of law. *Chas. Wolff Packing Co.* v. *Court of Industrial Relations of State of Kansas,* 262 U.S. 522 ...; *Dorchy* v. *State of Kansas,* 264 U.S. 286 .... But this is so only where the statute closes the courts to litigants and makes the decision of the arbitrators the final determination of the rights of the parties; therefore there is no denial of the right of trial by jury if the statute preserves that right to each of the parties by the allowance of an appeal from the decision of the arbitrators or other tribunal. *Emerick* v. *Harris,* 1 Bin. 416; *Capital Traction Co.* v. *Hof,* 174 U.S. 1, 19 ...; 50 C.J.S., Juries, § 118, pp. 832, 833." (*Application of Smith* (1955) 381 Pa. 223 [112 A.2d 625, 629, 55 A.L.R.2d 420]; cf. *New England Merchants Nat. Bank* v. *Hughes* (E.D. Pa. 1983) 556 F.Supp. 712, 714; see *Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 469 [184 Cal.Rptr. 83].) ■ A statute cannot be construed in an unconstitutional manner when an interpretation consistent with constitutionality is reasonable. (*Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207 [152 Cal.Rptr. 345, 589 P.2d 853].) ■ Therefore, we construe Civil Code section 845 to afford the right to a trial de novo in the event fewer than all co-owners of a private right-of-way accept the arbitrator's award apportioning maintenance costs.

While some of the out-of-state cases just cited speak of the right to a jury trial, those decisions were rendered under other statutes and circumstances. Here, there is no such right. The language of Civil Code section 845, "... *the court* may determine the proportionate liability of the owners, and *its order* shall have the effect of a judgment" (italics added), suggests that the determination is to be made by the judge. The wording of the 1985 amendment to the statute does not detract from our conclusion. More importantly, the action is expressly one for contribution and therefore in equity. (*Jessup Farms* v. *Baldwin* (1983) 33 Cal.3d 639, 650, fn. 7 [190 Cal.Rptr. 355, 660 P.2d 813].) Actions which at common law were equitable do not trigger a constitutional right to trial by jury. (*Hastings* v. *Matlock* (1985) 171 Cal.App.3d 826, 835 [217 Cal.Rptr. 856].) It cannot be doubted, however, that even if there is only a right to trial before the judge, the deprivation of such a right is of constitutional dimension.

■ As our conclusion requires reversal of the judgment, we address the meaning of the clause: "the cost shall be shared proportionately to the use made of the easement by each owner." It is perhaps surprising that even though Civil Code section 845 has been on the books since 1939, no reported decision has interpreted that language. We suspect the reason to be that the statute has been invoked most frequently in small claims actions or cases within the jurisdiction of the municipal court.

That fact is relevant. Literally construed, "proportionately to the use made" would require the trier of fact to distinguish between residents having two cars and those owning only one, between easement holders heating their homes with electricity and those being serviced periodically by heavy butane trucks. Given that the amount in controversy will ordinarily be small, no such intention can be attributed to the Legislature. In the interest of speed and economy of proceedings, the arbitrator and judge must be free to paint with a broad brush. Obviously, a property owner may be asked to contribute only to the maintenance of that segment of the right of way lying between his driveway and the public road. Also, a distinction must be made between a parcel having an occupied residence and one which is unimproved, although we are not prepared to say that the owner of the latter should escape all contribution as his property is obviously benefitted by the maintenance of the common easement. But within those general guidelines, the trier of fact must be allowed to fashion any reasonable contribution scheme.

Judgment reversed. Costs on appeal to appellant.

Agliano, P. J., and Longinotti, J.,* concurred.

A petition for a rehearing was denied June 30, 1987, and respondents' petition for review by the Supreme Court was denied August 26, 1987.

---

* Assigned by the Chairperson of the Judicial Council.