[No. A056699. First Dist., Div. Three. Mar. 23, 1993.]

WILLIAM G. MARRACINO et al., Plaintiffs and Respondents, v. ZACHARY BRANDSTETTER, Defendant and Appellant.

**COUNSEL**

Zachary Brandstetter, in pro. per., for Defendant and Appellant.

John W. Larson and Steven H. Larrabee for Plaintiffs and Respondents.

## Opinion

**WERDEGAR, J.**—On appeal from an adverse judgment entered after a trial de novo, defendant Zachary Brandstetter contends the trial court erred in denying his motion to enter judgment on a judicial arbitration award. We disagree. Accordingly, we shall affirm.

### Background

Plaintiffs William G. and Vivian D. Marracino sued defendant for breach of contract, fraud and other causes of action arising from a $34,000 loan they had made him. The matter was ordered to judicial arbitration. On November 6, 1989, the arbitrator issued an award for plaintiffs in the amount of $53,112.96 plus costs.

On November 14, 1989, while representing himself, defendant filed a timely request for trial de novo. On May 25, 1990, defendant substituted in counsel, who filed on his behalf a document entitled "Withdrawal of Request for Trial de Novo and Stipulation to Judgment Based on Arbitrator's Award." Plaintiffs thereupon moved to have the arbitrator's award "corrected" to include a finding of fraud and for entry of judgment based on the award as modified. Defendant opposed plaintiffs' motion and moved for entry of judgment based on the unmodified arbitrator's award, in accordance with his aforesaid motion to withdraw request for trial de novo and stipulation to judgment.

The trial court denied both motions. At the hearing on defendant's motion for entry of judgment, the judge explained: "You have filed a request for trial de novo and I know of no authority in the law that allows you after the 30 days has run to attempt retroactivity [*sic*], I think, to set aside that trial de novo." Following a court trial at which defendant did not appear, plaintiffs were awarded $327,433.83, including prejudgment interest, punitive damages and court costs. Defendant timely appealed.

### Discussion

Code of Civil Procedure section 1141.20, subdivision (a) provides: "An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court." Rule 1616(a) of the California Rules of Court states that "Within 30 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. . . . The 30-day

period within which to request trial may not be extended."[1]  Defendant's sole contention on appeal is that the trial court erred in determining it lacked the discretion to set aside his request for trial de novo after the 30-day period specified by section 1141.20, subdivision (a) and rule 1616(a) had run. We disagree.

Defendant cites no authority in support of his position. Rather, he argues the trial court should have set aside his request for trial de novo and entered judgment on the arbitrator's award because plaintiffs themselves moved to have judgment entered on the award, albeit with certain modifications, and thus "what should be good here for one should be good for the other."  However, plaintiffs' unsuccessful attempt to have judgment entered on a "corrected" arbitrator's award, after defendant filed the purported withdrawal of his request for trial de novo, has no bearing on the issue posed by the instant appeal, to wit, whether the court could properly permit defendant to withdraw his request for trial de novo after the 30-day period had run.[2]

In any event, we believe the trial court correctly determined it lacked authority to grant defendant's motion. Nothing in the statutory scheme governing judicial arbitration (§ 1141.10 et seq.) or in the Judicial Council rules grants the court the power to permit withdrawal of a request for trial de novo after the 30-day period has run. Moreover, while Government Code section 68070 authorizes adoption of " 'local rules to implement the judicial arbitration statutes and the Judicial Council rules provided the local rules are not inconsistent with the law and the rules prescribed by the Judicial Council' " (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 339, fn. 5 [189 Cal.Rptr. 450], quoting *Hebert* v. *Harn, supra,* 133 Cal.App.3d at p. 468), the Contra Costa County Superior Court has not enacted a rule that would permit the unilateral withdrawal sought by defendant.

The absence of any statute or rule establishing procedures for allowing a party to withdraw a request for trial de novo after arbitration is, we believe, critical.  Pursuant to section 1141.20, subdivision (a) and rule 1616(a), a judicial arbitration award becomes final only if *neither* party requests a

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure and all further citations to rules are to the California Rules of Court.

[2]Defendant's more general reliance on the policy favoring arbitration over trials adds little to his argument, as this case has already gone to trial and resulted in a judgment. In any event, the preference for arbitration embodied in the Judicial Arbitration Act (§ 1141.10, subd. (a)) is necessarily limited by the due process right to trial guaranteed by our federal and state Constitutions. (See *Healy* v. *Onstott* (1987) 192 Cal.App.3d 612, 616 [237 Cal.Rptr. 540]; *Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 468 [184 Cal.Rptr. 83].)

trial de novo within 30 days from the date the award is filed; only one party need request trial de novo within the statutory period to prevent entry of judgment on the arbitration award. Thus, where one party timely requests trial de novo, an adverse party who is also dissatisfied with the arbitrator's award need take no action to preserve his or her right to trial following arbitration.

What, then, if the party who requested trial de novo is permitted to withdraw his or her request after the 30-day period has expired? May the adverse party then demand trial? The statutory scheme makes no provision for such an eventuality; indeed, a trial demand made after the 30-day period would seemingly be precluded by rule 1616(a)'s mandate that the statutory period "may not be extended." ██ Thus, allowing the unilateral withdrawal of a request for trial de novo after the statutory period has run would, we believe, create an impermissible risk of denying those adverse parties who relied on the original request their right to trial following judicial arbitration. (See *Hebert* v. *Harn, supra,* 133 Cal.App.3d at p. 469 [right to trial de novo following judicial arbitration may " 'not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable' "]; *Healy* v. *Onstott, supra,* 192 Cal.App.3d at p. 616.)

The instant case illustrates the problem. Plaintiffs were indisputably time-barred from demanding trial de novo at the time defendant sought to withdraw his trial request. Thus, had the court given effect to defendant's attempted withdrawal, plaintiffs would have been precluded from demanding the trial to which they were constitutionally and statutorily entitled. While we cannot know to a certainty that plaintiffs *would* have demanded trial de novo within the statutory period had defendant not done so, such a request seems at least likely in light of plaintiffs' own unsuccessful motion to modify the award to include a finding of fraud and to have judgment entered on the award as modified.[3]

This is not to say procedures might not be established, by legislation or by rule, whereby a party could withdraw a request for trial de novo without injury to the adverse parties' due process rights. (See, e.g., *Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d at p. 337 [Orange County Superior Court rule permitting withdrawal of request for trial de novo only by written stipulation to entry of judgment on arbitration award signed by

---

[3]The trial court denied plaintiffs' motion pursuant to section 1286.6, subdivision (c), on the ground their proposed "correction" to the award would affect the merits of the controversy. Plaintiffs' judgment after trial de novo included an express finding of fraud, as well as a substantial award of punitive damages.

counsel for all parties]; cf. § 631, subd. (b) [allowing additional time for adverse parties in civil trials to demand jury trial and deposit jury fees where party who originally demanded jury trial subsequently waives it]; 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 101, pp. 98-100 [same].) In the absence, however, of any such procedural safeguards to the right to trial following compulsory arbitration, we conclude the trial court correctly rejected defendant's unilateral attempt to withdraw his request for trial de novo.

## DISPOSITION

The judgment is affirmed.

White, P. J., and Chin, J., concurred.