[No. G014114. Fourth Dist., Div. Three. June 25, 1993.]

STELLA R. MILLER, Plaintiff and Appellant, v.
FOREMOST MOTORS, INC., Defendant and Respondent.

COUNSEL

Carolyn M. Dunnett for Plaintiff and Appellant.

Eric B. Kaminsky for Defendant and Respondent.

OPINION

SILLS, P. J.—We transferred this case from the appellate department of the superior court on our own motion (Cal. Rules of Court, rule 62(a)) to determine whether an employer can unilaterally dismiss an action after it had appealed a Labor Commission award by seeking a trial de novo in municipal court. Consistent with the practice concerning trial de novo following arbitration, we hold an employer does not have a unilateral right to dismiss once it has filed a request for trial de novo. Accordingly, we reverse the order of the municipal court.

FACTS

We adopt, in substance, the statement of facts contained in the opinion of the appellate department of the superior court. On November 25, 1991, plaintiff Stella R. Miller obtained an award of $655.35 from the Labor Commissioner for a commission due on a mobilehome sale. Defendant Foremost Motors, Inc. (Foremost), Miller's employer, appealed the Labor Commissioner's award pursuant to Labor Code section 98.2.[1] Under that statute, an "appeal" takes the form of a trial de novo in the appropriate court; here, because of the amount of the award, the trial de novo would take place in municipal court.

Shortly before trial was scheduled to commence, new counsel for Foremost filed a request for dismissal without prejudice. The municipal court

---

[1] All statutory references are to the Labor Code unless otherwise specified.

clerk entered the dismissal.[2] On May 20, the day set for trial, Foremost did not appear; however, Miller did and moved to vacate the dismissal. Miller had not given notice to Foremost that she would move to vacate the dismissal. The trial court ruled that Foremost's request for dismissal was "denied" (meaning, we assume, that Miller's motion to vacate was granted), and awarded Miller $3,376 for her commission, $7,500 as a penalty, $381 in interest, and $2,085 in attorney fees, for a total of $13,342. Judgment was entered on June 4.

On June 18, Foremost moved to vacate the judgment. The motion was based on several grounds, two of which are pertinent to this appeal. First, Foremost argued it had the unilateral right to dismiss the municipal court action under section 98.2, and that the trial court therefore had no jurisdiction to enter a judgment. Second, it contended that it had been denied due process, because Miller never gave notice of her motion to vacate the dismissal. The trial court granted the motion to vacate and reinstated Foremost's original request for dismissal without further comment. The appellate department of the superior court affirmed.

## DISCUSSION

### I

Section 98.2 provides for appeals from Labor Commission awards. Subdivision (a) of the statute is in issue here; it states in pertinent part: "Within 10 days after service of notice of an order, decision, or award *the parties* may seek review by filing an appeal to the justice, municipal, or superior court, . . . where the appeal shall be heard de novo." (Italics added.) ■ The use of the term "the parties" is critical, because it allows *any* party (i.e., the ostensible losing party *or* the ostensible prevailing party) to seek a redetermination of the award by a court.

■ In the present case, it was the ostensible losing party, Foremost, which filed the notice of appeal from the Labor Commissioner's award. But it just as easily could have been Miller, who might have felt that the commissioner's award was inadequate. The municipal court obviously thought so; the original judgment it entered was over 20 times the amount awarded by the commissioner. The point is that both parties have a vested interest once a notice of appeal is filed, because one party also dissatisfied with the commissioner's award need take no separate action to preserve his or her rights once an adversary files a notice of appeal.

---

[2]After filing the request for dismissal, Foremost sent Miller a check for the amount of the original Labor Commission award. The parties have differing accounts of what happened to the check at that point, but both agree it was never cashed.

In *Marracino* v. *Brandstetter* (1993) 14 Cal.App.4th 543 [17 Cal.Rptr.2d 700, the court dealt with a situation which is procedurally identical to the present appeal but involves a different statutory scheme. *Marracino* concerned the trial de novo procedure established by the judicial arbitration statutes (Code Civ. Proc., § 1141.10 et seq.). Under that scheme, any party dissatisfied with an arbitrator's award may file a request for trial de novo with the superior court. Just as here, defendant in *Marracino* lost in arbitration, filed a request for trial de novo, hired new counsel, and then sought to withdraw the request and reinstate the original award. The court held he could not, because to do so would destroy plaintiffs' rights to seek review of the award: "Plaintiffs were indisputably time-barred from demanding trial de novo at the time defendant sought to withdraw his trial request. Thus, had the court given effect to defendant's attempted withdrawal, plaintiffs would have been precluded from demanding the trial to which they were constitutionally and statutorily entitled. While we cannot know to a certainty that plaintiffs *would* have demanded trial de novo within the statutory period had defendant not done so, such a request seems at least likely . . . ." (14 Cal.App.4th at p. 547, italics in original.)

All of the concerns identified by the *Marracino* court are present here. Like a trial de novo following arbitration, the time within which to seek review from the Labor Commissioner's initial determination is mandatory and jurisdictional. (*Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219]; cf. Cal. Rules of Court, rule 1616(a) ("The 30-day period within which to request trial [following arbitration] may not be extended").) Further, because there are no statutes or rules establishing procedures for withdrawing an appeal under section 98.2, an adverse party who is also dissatisfied with the commissioner's award can reasonably expect that it need take no action (such as a "cross-appeal") once a notice of appeal is filed. In a nutshell, we hold that one party cannot unilaterally withdraw a request for trial de novo under section 98.2, because such an action affects the rights of the adverse party.[3] Foremost's request for dismissal was therefore ineffective.

II

Although Foremost's request for dismissal should not have been given effect, it nonetheless was improperly vacated in this case, because

---

[3]Foremost relies on *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 340-341 [189 Cal.Rptr. 450] for the proposition that, if a party withdraws its request for trial de novo following arbitration, it has the effect of reinstating the arbitrator's award, and that the same procedure should apply here. We have no doubt that, if a request for trial de novo or appeal *is properly withdrawn*, the original award is reinstated. But this only begs the question of what constitutes a proper withdrawal. As *Marracino* correctly observes, a unilateral withdrawal may be improper if both sides have a right to seek review of the award.

Foremost was never given notice of the motion to vacate. The record reveals that, on the day set for trial in municipal court, Miller's counsel made an oral motion to vacate the dismissal, without notice to Foremost. The trial court erred when it granted the motion and proceeded to trial without Foremost. In a very similar case, *McDonald* v. *Severy* (1936) 6 Cal.2d 629 [59 P.2d 98], our Supreme Court held it was improper to vacate a dismissal without providing notice to the erstwhile "dismissed" party, stating: "The court undoubtedly had discretionary power to vacate the dismissal upon the showing made, but the question is whether it could do so without notice to [defendant]. . . . [T]here has been no authority cited to us which authorizes such action without notice to the party dismissed. The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party." (*Id.* at p. 631; accord, *Wechsler* v. *United States of America* (1976) 56 Cal.App.3d 574, 584 [128 Cal.Rptr. 619].) Surely the order here "affected the rights" of Foremost, since the trial court proceeded to enter an ex parte judgment against Foremost for over $13,000.

Miller points to statements her attorney made to Foremost before trial, asserting these statements "put Foremost on notice" of her intention to seek vacation of the dismissal. This is not the type of notice contemplated by Code of Civil Procedure section 1014. (See *McDonald* v. *Severy, supra,* 6 Cal.2d at p. 631.) Fundamental due process demands that Foremost have notice of a motion to vacate a dismissal, and the right to contest a trial de novo.

## DISPOSITION

The order vacating the judgment of the municipal court in favor of Miller, quashing the writ of execution, and reinstating the dismissal of Foremost is reversed. The municipal court is ordered to conduct a trial de novo, of which both parties have adequate notice. Each party is to bear its own costs on appeal.

Sonenshine, J., and Crosby, J., concurred.