[No. A067726. First Dist., Div. Five. July 21, 1995.]

MIRIAM G. CALDERON et al., Plaintiffs and Appellants, v.
SUSAN KANE et al., Defendants and Respondents.

## Counsel

Francis Thomas Fahy for Plaintiffs and Appellants.

Berg, Ziegler, Anderson & Parker and Michael A. Gardiner for Defendants and Respondents.

## Opinion

**KING, J.**—In this case we are called upon to consider the consequences of the voluntary dismissal of a postarbitration request for a trial de novo. A judicial arbitrator's award was issued in favor of Susan Kane and Theodore Abbott (Kane) in a case brought by Miriam G. Calderon and Orlando Espinoza (Calderon). Calderon, the losing party, then sought a trial de novo. (Code Civ. Proc., § 1141.20.)[1] Thereafter, Calderon voluntarily dismissed the action without prejudice. (§ 581, subd. (b)(1).) Calderon challenges the trial court ruling which concluded that the action's dismissal triggered finalization of the arbitration award under section 1141.20. We affirm.

*Facts and Procedural History*

The essential facts can be briefly stated. The underlying claims all arise out of an allegedly defamatory letter written by Kane to Calderon in January 1992 in connection with a real property transaction. The letter was copied to the parties' respective real estate agents and the escrow agent. Calderon sued Kane, alleging causes of action based upon defamation, invasion of privacy, and intentional infliction of emotional distress. The court referred the matter to mandatory judicial arbitration on October 21, 1993. (See § 1141.10 et seq.)

On April 26, 1994, the arbitrator issued an award in favor of Kane, finding the letter was absolutely privileged under the provisions of Civil Code section 47, subdivision (b). Statutory costs of suit were awarded to Kane.

---

[1] All undesignated statutory references are to the Code of Civil Procedure and all rule references are to the California Rules of Court.

On May 2, 1994, Calderon filed a request for trial de novo. (See § 1141.20, subd. (a); rule 1616(a).) ■ A timely request for a trial de novo operates to vacate an arbitration award in its entirety, putting the case at large as though no arbitration proceedings had occurred. (Rule 1616(c); see *Wagy* v. *Brown* (1994) 24 Cal.App.4th 1, 7 [29 Cal.Rptr.2d 48].) But requesting a trial de novo put Calderon at risk for significant costs and fees if a more favorable judgment was not obtained. (*Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 319 [21 Cal.Rptr.2d 284].)

Less than three months later, Calderon filed a request for voluntary dismissal of the entire action. (§ 581, subd. (b)(1).) On August 10, 1994, Kane filed a motion to vacate the dismissal without prejudice and to enter judgment on the arbitration award with attorney fees and costs. Kane argued that existing precedent established that when "a party withdraws its request for trial de novo or voluntarily dismisses the complaint following a judicial arbitration award, this acts as a repudiation of the previous election for a trial de novo and restores the repudiating party to its legal position before the de novo request, thus triggering finalization of the arbitration award under Code of Civil Procedure section 1141.20." The trial court agreed and granted Kane's motion, ordering that judgment be entered in accordance with the arbitrator's award filed on April 26, 1994. Kane's request for attorney fees and costs was deferred to a subsequent proceeding.[2] Calderon appeals.

*Discussion*

■ The primary issue presented by this case is the application of *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334 [189 Cal.Rptr. 450] (*Herbert Hawkins*), to this case. *Herbert Hawkins* held that when a losing party in an arbitration withdraws a request for a trial de novo, not only is the previous election for a trial de novo repudiated, but the repudiating party is restored to the legal position the party was in *before* electing the trial de novo, thus triggering finalization of the arbitration award. (*Id.* at p. 340.) The court explained, "No party has the right to avoid the judicial arbitration award at their whim, and the party requesting a trial de novo may either proceed with a trial de novo or allow the award to be entered as a judgment . . . ." (*Ibid.*) The parties before us are in the identical procedural posture as the parties in *Herbert Hawkins*, and Calderon does not claim otherwise. Instead, she claims that *Herbert Hawkins* was wrongly decided.

The viewpoint expressed in *Herbert Hawkins* has received judicial endorsement in subsequent cases. (See, e.g., *Acuna* v. *Gunderson Chevrolet,*

---

[2] On December 8, 1994, Kane was awarded attorney fees and costs totaling $18,139.

*Inc.* (1993) 19 Cal.App.4th 1467, 1474 [24 Cal.Rptr.2d 62]; *Harris* v. *Billings* (1993) 16 Cal.App.4th 1396, 1402 [20 Cal.Rptr.2d 718].) We add our approval. There is no reason a dissatisfied party should be able to render the entire arbitration proceeding a judicial nullity by the simple procedural tactic of requesting a trial de novo and then dismissing that request. In the words of *Herbert Hawkins,* a contrary result would produce "absurd consequences" and encourage "mischievous lawyering." (*Herbert Hawkins, supra,* 140 Cal.App.3d at p. 339.)

Calderon argues that the holding in *Herbert Hawkins* was thrown into question by the Supreme Court's decision in *Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911 [231 Cal.Rptr. 738, 727 P.2d 1019]. In *Lyons* the court held that the involuntary dismissal of a party's request for a trial de novo was an inappropriate sanction for refusing to participate in arbitration proceedings. (*Id.* at p. 919.) The court believed that the important right to a trial following judicial arbitration should not be lost because "the Legislature did not intend a party's failure to participate to preclude a trial de novo." (*Id.* at p. 919, fn. 9.) The circumstances here differ markedly from those in *Lyons.* For starters, in our case, trial was intentionally dismissed to gain a strategic advantage while in *Lyons* dismissal was imposed on an unwilling party as a penalty.

This court has considered *Marracino* v. *Brandstetter* (1993) 14 Cal.App.4th 543 [17 Cal.Rptr.2d 700] (*Marracino*), a case discovered by our independent research, but find it unpersuasive. That case held that absent a local rule providing otherwise, a party cannot withdraw a request for a trial de novo after the 30-day period for filing such a request has run. (See § 1141.20, subd. (a); rule 1616(a).) The court pointed out that giving effect to the request for withdrawal could potentially affect the rights of the adverse party who might also be dissatisfied with the arbitration award but who has taken no separate action to preserve his or her right to a trial de novo because of the adversary's timely request. As the *Marracino* court explained: "Plaintiffs [the nonfiling party] were indisputably time-barred from demanding trial de novo at the time defendant sought to withdraw his trial request. Thus, had the court given effect to defendant's attempted withdrawal, plaintiffs would have been precluded from demanding the trial to which they were constitutionally and statutorily entitled. While we cannot know to a certainty that plaintiffs *would* have demanded trial de novo within the statutory period had defendant not done so, such a request seems at least likely . . . ." (*Marracino, supra,* at p. 547, italics in original.)

The evident purpose underlying *Marracino*'s holding is to prevent a nonfiling party from being penalized for having justifiably relied on the adverse party's trial de novo request. Unfortunately, it accomplishes this

laudable purpose by automatically guaranteeing that a trial de novo be held, notwithstanding the fact that *neither* party may desire that the dispute be taken to a judicial forum.

The parties' positions in the instant case are illustrative. Calderon obviously does not wish to proceed to trial—she argues that the dismissal of her request for trial de novo should be given full legal effect without further consequences. Kane does not wish to proceed to trial either—she argues that the effect of Calderon's withdrawal of the request for trial de novo should be reinstatement of the arbitration award. We can see no point in forcing these parties to go through an unnecessary and unwanted trial—especially when a fundamental tenet of arbitration is avoidance of the court system. (See § 1141.10, subd. (a).) Thus, we condone an approach that safeguards the rights of all parties to a trial following compulsory arbitration, while at the same time, attempts minimal interference in the arbitration process.

■ When, as here, a party dismisses a request for a trial de novo after the 30-day period has run, the court retains the discretion to vacate the dismissal in order to reinstate the arbitration award or, upon a proper showing of prejudice by the nonfiling party, to vacate the dismissal and require the parties to proceed to a trial de novo. However, because the withdrawal of a request for trial de novo undoubtedly affects the rights of the adverse party, the preferable procedure is to seek such withdrawal by a noticed motion. The court should grant the motion if unopposed and enter judgment on the arbitrator's award. It should deny the motion if the adverse party demonstrates prejudice by having justifiably relied on the dismissing party's request for a trial de novo. Accordingly, the parties to the arbitration, and not the court, will make the ultimate decision whether the matter will be brought to trial.

■ Calderon next argues that the trial court's order, entering judgment on the arbitrator's award, violated the equal protection and the due process clauses under the United States and California Constitutions. When a court's ruling is challenged as unconstitutional, the challenger must demonstrate the ruling inevitably poses a total and fatal conflict with applicable constitutional prohibitions. In other words, the challenger must present "a coherent challenge." (See *In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 49 [231 Cal.Rptr. 757].) Calderon does little more than make a bare allegation of constitutional infirmity—she fails to support her constitutional challenge with argument, analysis or authority. In such a case, Calderon's argument does not reflect the substantial effort required when a party mounts a constitutional challenge, and it is deemed to be without foundation, requiring no discussion by the appellate court. (*Do It Urself Moving & Storage, Inc.* v.

*Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 35 [9 Cal.Rptr.2d 396].)

Calderon also makes numerous arguments based upon matters occurring before the case was referred to judicial arbitration. These arguments go to the merits of her lawsuit against Kane. As such, they have no bearing on the sole issue posed by the instant appeal, to wit, whether the trial court erred in vacating Calderon's dismissal without prejudice, then striking Calderon's request for trial de novo and ordering judgment on the arbitration award. Calderon's arguments based upon the merits of her action against Kane pertain to matters that are irrelevant to the legal rules and standards at issue in this case.

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellants'petition for review by the Supreme Court was denied October 19, 1995.