[No. C027092. Third Dist. Dec. 3, 1998.]

PAUL J. MAMIKA, Plaintiff and Appellant, v.
GINO BARCA, as Trustee, etc., Defendant and Respondent.

## COUNSEL

Robert N. Villalovos for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**HULL, J.**—The case involves the proper method of calculating "waiting time" penalties under Labor Code section 203 (further section references are to the Labor Code unless otherwise designated).[1]

Plaintiff Paul J. Mamika quit his job with United Vintners, U.S.A. Trust represented by trustee, Gino Barca, because defendant failed to pay his wages. The trial court awarded plaintiff his unpaid wages of $38,500, plus interest, and a penalty of $5,000 pursuant to section 203. On appeal, plaintiff contends this penalty was improperly computed. We agree and modify the judgment to reflect a penalty of $6,923.10.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant hired plaintiff as its general manager, and plaintiff began work on June 1, 1995. The parties agreed that plaintiff would be paid an annual salary of $60,000.

Defendant paid plaintiff only sporadically, and at less than the agreed-upon rate. Plaintiff notified defendant that he would resign from his job if

---

[1] Section 203 provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with [specified statutes], any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . ."

the overdue wages were not paid. Defendant did not make any further payments, and plaintiff made good on his promise by resigning on April 1, 1996. During his 10 months of employment, plaintiff received wages of only $11,500.

Plaintiff filed a complaint with the Labor Commissioner, seeking to recover his unpaid wages, interest, and penalties of $230.77 per day for 30 days pursuant to section 203. The Labor Commissioner awarded the unpaid wages and interest, but found there was a bona fide dispute as to whether any wages were owed and therefore refused to assess waiting time penalties.

Defendant appealed this decision and a trial de novo was held in superior court. (§ 98.2.)[2] Plaintiff described his employment agreement with defendant and his duties as general manager. He testified that he was not assigned regular work hours, but generally worked Monday through Friday, from 9:00 a.m. to 5:00 p.m. He stated that he worked an occasional Saturday or Sunday, but worked an average of eight hours per day, five days per week.

Plaintiff asserted he was entitled to unpaid wages,[3] interest, and a penalty pursuant to section 203 in the amount of $6,923.10. This penalty reflected his daily wage rate over the maximum period of 30 days that he remained unpaid, as authorized by section 203. He calculated this amount by dividing his annual salary of $60,000 by 52 weeks ($1,153.85), then dividing by 40 hours to obtain an hourly rate of $28.84, and multiplying by 8, the number of hours plaintiff testified he worked each day. Rounded, this amount is $230.77 per day. Multiplied by 30 days, the penalty amount totals $6,923.10.

The trial court expressed concern at this calculation and wondered how a penalty could exceed plaintiff's monthly salary. Plaintiff explained that a penalty for nonpayment of wages accrues on a daily basis, and thus reflects 30 calendar days of nonpayment, rather than the number of workdays in a month.

The court awarded unpaid wages of $38,500 plus interest, and concluded that defendant's failure to pay plaintiff's wages was willful within the meaning of section 203, entitling plaintiff to waiting time penalties. However, the court rejected plaintiff's calculations because "plaintiff was not confined to a normal 5 day work week." The court concluded: "A more

---

[2]Once defendant filed a notice of appeal, plaintiff was not required to take separate action to preserve his right to challenge the calculation of penalties. (*Miller* v. *Foremost Motors, Inc.* (1993) 16 Cal.App.4th 1271, 1274-1275 [20 Cal.Rptr.2d 503].)

[3]Plaintiff made a mathematical error in calculating the total amount of unpaid wages. He subtracted the $11,500 in payments received from the total 10-month salary due of $50,000, and arrived at a figure of $39,500. It is actually $38,500.

reasonable calculation of the penalty assessment is one month's pay of $5,000."

Defendant appealed from the ensuing judgment and plaintiff cross-appealed. This court dismissed defendant's appeal for failure to file an opening brief. (Cal. Rules of Court, rule 17(a).) Thus, the only matter before us is plaintiff's appeal, challenging the calculation of penalties under section 203.[4] We turn to that issue now.

## DISCUSSION

The interpretation of a statute presents a question of law which is subject to de novo review on appeal. (*Rudd* v. *California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].)

Our function in analyzing section 203 is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. We determine this intent by first focusing on the words of the statute, giving them their ordinary meaning. (*California School Employees Assn.* v. *Governing Board* (1994) 8 Cal.4th 333, 338 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) "Significance should be given, if possible, to every word of an act. [Citation.] Conversely, a construction that renders a word surplusage should be avoided." (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798-799 [268 Cal.Rptr. 753, 789 P.2d 934].) "Ordinarily, if the statutory language is clear and unambiguous, there is no need for judicial construction." (*California School Employees Assn.* v. *Governing Board, supra*, 8 Cal.4th at p. 340.)

Section 202 provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Section 203 mandates an additional penalty if an employer willfully fails to comply with section 202. In such a case, ". . . the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

The reasons for this penalty provision are clear. "Public policy has long favored the 'full and prompt payment of wages due an employee.'

---

[4]Defendant did not file a respondent's brief in the cross-appeal.

[Citation.] '[W]ages are not ordinary debts. . . . [B]ecause of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay' promptly." (*Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837 [187 Cal.Rptr. 449, 654 P.2d 219]; see also *Gould* v. *Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147 [37 Cal.Rptr.2d 718].)

Section 203 reflects these policy concerns. The statute is designed "to compel the prompt payment of earned wages; the section is to be given a reasonable but strict construction." (*Barnhill* v. *Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7 [177 Cal.Rptr. 803].) "The object of the statutory plan is to encourage employers to pay amounts concededly owed by [them] to [a] discharged or terminated employee without undue delay and to hasten settlement of disputed amounts." (*Triad Data Services, Inc.* v. *Jackson* (1984) 153 Cal.App.3d Supp. 1, 11 [200 Cal.Rptr. 418].)

The trial court awarded plaintiff $5,000 in waiting time penalties, equating the mandated penalty with one month's salary. The court rejected plaintiff's calculations because it found that plaintiff "was not confined to a normal 5-day work week."

While it is not clear to us why the trial court decided to restrict the waiting time penalty to one month's salary because plaintiff "was not confined to a normal 5-day work week," this decision was erroneous for two reasons. First, the evidence established that plaintiff in fact worked a 40-hour, 5-day workweek. While plaintiff testified that he sometimes worked on Saturday or Sunday, he further explained that he generally worked Mondays through Fridays, from 9:00 a.m. to 5:00 p.m.

Second, the court's method of calculating waiting time penalties does not comport with section 203. The statute does not provide for an award of "up to one month's salary." Had the Legislature intended to award penalties limited to one month's salary, section 203 would have been worded in that fashion. It is not. Instead it specifies that wages continue to accrue "from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Under this scheme, unpaid wages continue to accrue on a *daily* basis for up to a 30-day period. Penalties accrue not only on the days that the employee might have worked, but also on nonworkdays. (Cf. *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544 548 [213 Cal.Rptr. 399] [unless otherwise specified, "days" means "calendar days"].)

The failure to pay wages has nothing to do with the number of days an employee works during the month. If it did, a part-time employee who worked two days a month would be entitled to only two days' penalty if he quit and was not paid the wages that were owed to him. This inconsequential amount would not further the statute's goal of encouraging prompt payment of wages due upon termination of employment. The targeted wrong is the delay in payment, a wrong that continues so long as payment is not made. A proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days. This larger penalty acts as a disincentive to employers who are reluctant to pay wages in a timely manner, thus furthering the intent of the statutory scheme.

Thus, the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days.[5]

This method of calculation has been used by a number of courts, but without much analysis. For example, in *Barnhill* the trial court awarded $1,096.25 in waiting time penalties, based on $43.85 per day for 25 days. (125 Cal.App.3d at p. 7.) In *Oppenheimer* v. *Sunkist Growers* (1957) 153 Cal.App.2d Supp. 897, 898 [315 P.2d 116], the defendant admitted that the plaintiff was entitled to penalty wages for three days at the rate of $12 per day. Similarly, in *Davis* v. *Morris* (1940) 37 Cal.App.2d 269, 273 [99 P.2d 345], this court found that a $10-per-day employee was entitled to a penalty of "thirty days' pay at the rate of the per diem wages," (italics omitted) or $300.

A more extensive discussion of penalty provisions appears in *Nordling* v. *Johnston* (1955) 205 Or. 315 [283 P.2d 994, 48 A.L.R.2d 1369], in which the Oregon Supreme Court construed a statute identical to section 203.[6] The court held: "We think the statute means what it says. The length of time that a man has worked for a particular employer and the amount he has earned, have no bearing on the amount of the penalty except as it may be necessary

[5]A somewhat similar method of calculation is used to compute overtime compensation, i.e., the employee's regular rate of pay is computed by dividing the total weekly salary by no more than 40 hours. (*Ghory* v. *Al-Lahham* (1989) 209 Cal.App.3d 1487, 1490-1491 [257 Cal.Rptr. 924]; *Skyline Homes, Inc.* v. *Department of Industrial Relations* (1985) 165 Cal.App.3d 239, 245, 248-249 [211 Cal.Rptr. 792], disapproved on other grounds in *Tidewater Marine Western, Inc.* v. *Bradshaw* (1996) 14 Cal.4th 557, 573 [59 Cal.Rptr.2d 186, 927 P.2d 296].)

[6]Oregon Revised Statutes section 652.260 provided that upon a willful failure to pay an employee his or her wages when due " 'as a penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided that in no case shall such wages continue for more than 30 days.' " (*Nordling* v. *Johnston, supra,* 283 P.2d at p. 1003.)

to consider these factors in order to determine the *rate* at which he was paid. The statute really requires no construction, for it plainly provides for the continuance of the workman's wages or compensation for a period not to exceed 30 days at the same rate at which he was being paid while he was working. If, for example, a man works 30 days at a wage of $5 per day, the penalty would be $5 per day for every day that payment is withheld, and would continue for 30 days if the wages are then unpaid, unless action was commenced before the period of 30 days has elapsed. If the man works only one day at that rate the penalty would be exactly the same. Where, however, he does what is in the nature of piece work, as here, and is not paid a fixed daily or weekly wage but is paid on the basis of the quantity of work done, then, in order to apply the statute it becomes necessary to arrive at the rate per day by computation." (283 P.2d at p. 1003, italics original.)

We concur. Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days. The proper penalty is therefore $6,923.10

## DISPOSITION

The judgment is modified to reflect an award to plaintiff of $6,923.10 in penalties pursuant to section 203. As modified, the judgment is affirmed. Plaintiff shall recover his costs on appeal.

Nicholson, Acting P. J., and Puglia, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Third District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.