131 P.3d 495

**Catherine CARLISLE, Plaintiff/Appellee,**

v.

**Vicki Lyn PETROSKY and George Petrosky, wife and husband, Defendants/Appellants.**

**No. 1 CA–CV 04–0585.**

Court of Appeals of Arizona, Division 1, Department E.

April 11, 2006.

Hastings & Hastings, P.C. By Kenneth W. Burford, Phoenix, Attorney for Appellee.

Denise L. Siegenthaler & Associates By Michael E. Palumbo, Phoenix, Attorney for Appellants.

---

## OPINION

EHRLICH, Judge.

¶ 1 Vicki Lyn Petrosky and her husband appeal the superior court's order granting Catherine Carlisle's motion to dismiss her appeal from an arbitration award. Petrosky complains that, having filed a notice of appeal, Carlisle could not then be permitted to dismiss her appeal because Petrosky had thereby become entitled to a trial *de novo* in superior court. We conclude that the superior court has the inherent authority to allow a party to dismiss her own appeal in circumstances such as these when no pleading other than the notice of appeal had been filed, no further proceedings had taken place and there was no prejudice. Accordingly, we affirm the court's order of dismissal.

### BACKGROUND

¶ 2 Petrosky and Carlisle were involved in a car accident. Carlisle filed suit, and the parties entered compulsory arbitration. *See* Ariz. R. Civ. P. 72(b) (2001). The arbitrator awarded Carlisle $20,283 on May 11, 2004, *see* Ariz. R. Civ. P. 75(a) (2001), and Carlisle filed a Notice of Appeal from Arbitration Award on June 1, the last day on which it could be filed. *See* Ariz. R. Civ. P. 76(a) (2001).[1] Petrosky never filed a notice of appeal, and, on June 15, 2004, Carlisle filed a Notice of Dismissal of Appeal from Arbitration Award. Petrosky then moved to strike the notice. The superior court dismissed the appeal, and Petrosky appealed to this court.

### DISCUSSION

¶ 3 The thrust of Petrosky's argument is that, although Arizona Rule of Civil Procedure ("Rule") 76 governs the right to appeal an arbitration award, it does not authorize a party's voluntary dismissal of her own appeal once a notice of appeal has been filed. We

1. Although the notice of appeal was filed twenty-one days after the filing of the award, it was timely because the twentieth day was a legal holiday. Ariz. R. Civ. P. 6(a) (2004).

2. The dissent relies on *Valler*, 190 Ariz. at 393, 949 P.2d at 53, for the proposition that "[t]he rules governing civil appellate procedure simply do not transfer to the compulsory arbitration

conclude, as the superior court implicitly recognized, that the court necessarily has such inherent authority. If it did not, the appellee, having neither pursued an appellate remedy nor been prejudiced, nonetheless could unilaterally force the appellant to continue proceedings in which she no longer wished to engage. In the case of an appeal of an arbitration award, if the appellant were not able to dismiss the appeal, the appellee who chose not to persist by way of an appellate remedy would gain a trial *de novo* in superior court at the expense of the unwilling party. *See* Ariz. R. Civ. P. 76(c) (2001). *See also Valler v. Lee*, 190 Ariz. 391, 396, 949 P.2d 51, 56 (App.1997) ("[U]nder Arizona's system of compulsory but non-binding arbitration, any party who appears and participates in the arbitration proceedings and who timely appeals from the award is entitled to a trial de novo on the law and facts."); *Jarostchuk v. Aricol Comm'ns, Inc.*, 189 Ariz. 346, 348, 942 P.2d 1178, 1180 (App.1997) ("An appeal from compulsory arbitration is therefore not a request for review; it is a demand for [a] trial de novo.").

¶ 4 Since this was an appeal, albeit from an arbitration award, the superior court turned to Arizona Rule of Civil Appellate Procedure ("ARCAP") 26 (2003) for guidance. ARCAP 26 states that, "[i]f an appeal has not been docketed, the appeal may be dismissed by the superior court upon stipulation, or upon motion by the party taking the appeal." The court recognized that the Rules of Civil Appellate Procedure apply to the appellate courts and not to the superior court, ARCAP 1 (2003), but it drew an analogy with ARCAP 26 and concluded that, "[a]lthough there is no specific rule governing a party's request for voluntary dismissal of an appeal from arbitration, [ARCAP] 26 ... allows the trial court to grant a motion for voluntary dismissal of an appeal." Thus, it dismissed Carlisle's appeal from the arbitration award.[2]

arena." That statement must be considered in context, however. In *Valler*, this court was construing a Uniform Rule of Arbitration that directly related to the issue being decided, and we therefore rejected an analogy to an ARCAP rule that was contradictory to the Uniform Rule of Arbitration. *Id.* In this case, though, there is no arbitration rule that controls the resolution of the

¶ 5 This court has compared voluntarily dismissing an appeal from an arbitration award to voluntarily dismissing a complaint filed in superior court in the sense that the party appealing an arbitration award is still demanding a "day in court" because the superior court proceedings will be *de novo*. *Jarostchuk*, 189 Ariz. at 348, 942 P.2d at 1180. This comparison makes Rule 41(a) (2001) germane.

¶ 6 Rule 41(a)(1) provides that a plaintiff may file a notice of dismissal of an action any time before the service of an answer or a motion for summary judgment by the adverse party and the appeal shall be dismissed without the necessity of court order. *See State ex rel. Corbin v. Portland Cement Ass'n*, 142 Ariz. 421, 424, 690 P.2d 140, 143 (App.1984). Although this rule does not refer to an appeal from an arbitration award to the superior court, it provides a pertinent analogy because it allows the party initiating an action to dismiss that same action before the adverse party is required to rejoin. There is no suggestion that, once an action has been filed and before the adverse party has responded, the adverse party gains control whether the action will proceed.

¶ 7 More relevant, though, is Rule 76. Pursuant to Rule 76(b), the party appealing an arbitration award must deposit with the clerk of the superior court the equivalent of one hearing day's compensation of the arbitrator (as long as the amount is not greater than ten percent of the amount in controversy), but the risk to the appellant lies with the potential penalties set forth in Rule 76(f). Pursuant to Rule 76(f), if the judgment from the superior court trial *de novo* is a minimum of 25 percent more favorable than the relief granted by the arbitrator, the deposit will be refunded to the appellant. However, according to the same rule,

> If the judgment on the trial *de novo* is not more favorable by at least twenty-five percent (25%) than the monetary relief, or more favorable than the other relief, granted by the arbitration award or other final disposition, the court shall order the deposit to be used to pay, or that the appellant pay if the deposit is insufficient, the

following costs and fees unless the court finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice:

> (1) To the county, the compensation actually paid to the arbitrator;

> (2) To the appellee, those costs taxable in civil actions together with reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal; and

> (3) Reasonable expert witness fees incurred by the appellee in connection with the appeal.

¶ 8 What this means to Carlisle and Petrosky is the following: Carlisle was awarded $20,283 by the arbitrator. While her notice of appeal suggests that she was contemplating the pursuit of a greater award, as the appellant, she also had to have been weighing the financial risk of having to pay the arbitrator's compensation plus Petrosky's costs and expert witness and attorneys' fees should the court recovery not be greater than the award by 25 percent or approximately $5000. Petrosky on the other hand did not expose herself to any liability whatsoever but, instead, was going to be the beneficiary of "a free ride" if Carlisle persisted in an appeal. Given the potential liability for Carlisle and the lack of prejudice to Petrosky, Petrosky provides no reason why she should be entitled to benefit from the liability that Carlisle did not want to assume.

¶ 9 Indeed, not only did Petrosky not appeal the arbitration award, she points to nothing in the record that even intimates that she relied on Carlisle's last-day notice of appeal to her detriment, suggesting that she was sufficiently satisfied with or at least willing to accept the arbitrator's award against her. *See Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, 36 ¶ 7, 992 P.2d 1128, 1131 (App.1998) ("By its failure to appeal, [the defendant] had accepted the arbitrator's determination that it was not entitled to an award."). If the record instead demonstrated that the reason that Petrosky did not file a notice of appeal was because she had been

dispute, and, thus, the superior court's analogy to ARCAP 26 was understandable.

misled by Carlisle or if the record showed that, in reliance on Carlisle's notice of appeal, Petrosky had expended effort and money in preparing for a trial *de novo,* Petrosky would have been prejudiced by the dismissal of Carlisle's appeal. But the record does not support either scenario. Rather, given that Carlisle's notice of appeal was filed on the last possible day and that exactly two weeks later she moved to dismiss her appeal, it appears that Carlisle's notice of appeal well may have been filed merely as a matter of caution and that Petrosky had no such interest.

¶ 10 The inherent authority of the superior court to exercise its discretion and either grant or deny a motion to dismiss an appeal from an arbitration award protects the rights of both parties. It protects the appellant from being forced to proceed with litigation if the appellant decides against such a course without prejudice to the appellee. It protects the appellee from expending effort and incurring needless legal expense in preparation for a trial *de novo* that, absent having been misled, the appellee also did not want enough to file her own notice of appeal. Finally, it prevents the waste of judicial resources. *See, e.g., State v. Super. Ct.,* 39 Ariz. 242, 247–48, 5 P.2d 192, 194 (1931) (The court's "inherent powers may be defined as such powers as are necessary to the ordinary and efficient exercise of jurisdiction.") (citation omitted); *Acker v. CSO Chevira,* 188 Ariz. 252, 254, 934 P.2d 816, 818 (App.1997) (same).

¶ 11 The dissent relies on *Schwab Sales* as support because this court stated that it is unnecessary to file a cross-appeal to an arbitration award, 196 Ariz. at 36 ¶ 7, 992 P.2d at 1131, but the dissent reads the case too broadly. In *Schwab Sales,* the issue was simply whether a party to an arbitration could in a superior court trial *de novo* argue to uphold an arbitrator's award to it of attorneys' fees when the other party was the one that had appealed the arbitration award. *Id.* at ¶¶ 6–8. The court held only that all of the factual and legal issues resolved by the arbitrator could be considered and decided anew by the superior court "as if the arbitration had never occurred" because the trial was one *de novo. Id.* at ¶ 7.

¶ 12 A party that believes itself to be aggrieved must appeal an arbitration award if that party intends to pursue an appellate remedy. It is not sufficient for one party to file an appeal and the appellee to rely on that notice of appeal as an assertion of an independent right to appeal. Carlisle was entitled to have her appeal dismissed, and, because Petrosky neither appealed the arbitration award nor demonstrated any prejudice, Petrosky is not entitled to a trial *de novo.*

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm the superior court's order dismissing the appeal of the arbitration award.

CONCURRING: ANN A. SCOTT TIMMER, Judge.

OROZCO, Judge, dissenting.

¶ 14 I write to respectfully dissent from the majority opinion in this matter because I believe that in order for a trial court to dismiss a notice of appeal of an arbitration award, there must either be consent of the other party or the matter must be heard in a trial *de novo.*

¶ 15 In this case, Carlisle obtained an arbitration award of $20,283. After filing her Notice of Appeal, she subsequently filed a Notice of Dismissal of Appeal, and Petrosky objected. We all agree that there are no rules or decisions that govern as to whether a party can move to voluntarily dismiss an appeal from an arbitration award.

¶ 16 The majority relies on ARCAP 26 for guidance on how to take a voluntary dismissal of an appeal. The problem with using this rule is that ARCAP 26 does not apply to superior court; it only applies to appellate courts. ARCAP 1. This court has held that ARCAP "is inapposite in the context of compulsory arbitration, in which an 'appeal' is not a request for review but, rather, a demand for trial *de novo* .... The rules governing civil appellate procedure simply do not transfer to the compulsory arbitration arena. Had the legislature and our supreme court intended otherwise," the rules govern-

ing arbitration would parallel the ARCAP Rules. *Valler v. Lee,* 190 Ariz. 391, 393, 949 P.2d 51, 53 (App.1997). Because I agree that an appeal is a request for review while an appeal of an arbitration award is a demand for a trial *de novo,* I believe the guidance that the majority relies on is misplaced.

¶ 17 The majority states that Arizona Rule of Civil Procedure 76 and ARCAP 26 are relevant because Carlisle would expose herself to liability that includes, paying a deposit with the clerk of the superior court in the amount equivalent of one hearing day's compensation of the arbitrator and potential penalties set forth in Rule 76(f). *Supra* ¶ 7. The majority overcharacterizes Carlisle's liability. The equivalent of one hearing day's compensation of the arbitrator would be seventy-five dollars or less. A.R.S. § 12–133(G) (2003). The "potential penalties" the majority references includes the trial court ordering the seventy-five dollars or less deposit to be used to pay for the costs and fees. Also on its own motion, the trial court could determine "that the imposition of the costs and fees would create such a substantial economic hardship as not be in the interests of justice," ARCAP 76(f), which would relieve an appellant of paying costs and fees incurred by the appellee in connection with the appeal. ARCAP 76(f). Furthermore, parties can and should consider this potential liability *before* filing a notice of appeal.

¶ 18 The majority also relies on Rule 41(a) for guidance in whether the trial court can dismiss an appeal. Rule 41(a) is also not appropriate to use because it applies to the voluntary dismissal of the entire proceeding. A dismissal of an entire proceeding is vastly different from the dismissal of a request for a trial *de novo.* Even if I might be inclined to look at the above stated rules for guidance, the holding in *Schwab Sales v. GN Construction Co.,* 196 Ariz. 33, 992 P.2d 1128, does not allow it.

¶ 19 In *Schwab Sales,* a general contractor (GN) was sued by Schwab. The arbitrator found in favor of GN, but did not award GN its attorney's fees. *Id.* at 35 ¶ 2, 992 P.2d at 1130. Schwab appealed the arbitrator's award, but GN did not. The case was tried *de novo* in the superior court, who again found for GN, but also awarded GN its attorney's fees. *Id.* On appeal, Schwab argued that because GN did not appeal the award of attorney's fees, the superior court was precluded from considering the issue because that portion of the arbitration award was an unappealable final order. *Id.* at 36 ¶ 6, 992 P.2d at 1130. This court upheld the trial court's award of attorney's fees to GN, and also held that when an appeal is filed after an arbitration, all issues of law and fact are revived on appeal, "*as if the arbitration had never occurred.*" *Id.* at ¶ 7 (emphasis added).

¶ 20 In *Marracino v. Brandstetter,* 14 Cal. App.4th 543, 547, 17 Cal.Rptr.2d 700, 702 (1993), the California court of appeals reached a similar conclusion. In that case, the court held that only one party need request a trial *de novo* within the statutory period and thus when one party timely requests a trial *de novo,* an adverse party who is also dissatisfied with the arbitrator's award need take no action to preserve his rights. *Id.* If the party who requested a trial *de novo* was permitted to withdraw his request, that would create an impermissible risk of denying those adverse parties who relied on the original request their right to a trial. *Id.*

¶ 21 The majority's holding creates the same risk that I believe is not a just result and for that reason I respectfully dissent.