[Civ. No. 28364. Fourth Dist., Div. One. Feb. 25, 1983.]

HERBERT HAWKINS REALTORS, INC., et al.,
Plaintiffs and Respondents, v.
RICHARD D. MILHEISER et al., Defendants and Appellants.

**COUNSEL**

William E. Gummerman and Linnea Long for Defendants and Appellants.

Morris Stone for Plaintiffs and Respondents.

**OPINION**

**WORK, J.**—The sole issue is whether plaintiffs Herbert Hawkins Realtors, Inc., Robert P. Irish and Di Anna Bennett (Realtors) are entitled to voluntarily dismiss their breach of contract action *without* prejudice after having requested a trial de novo following a judicial arbitration award favoring defendants Richard D. and Kathleen Milheiser. ■ The Milheisers appeal the order denying their motion to amend the order of dismissal to one with prejudice, and awarding costs.[1] They assert this issue must be answered in the negative "to preserve the integrity of the judicial arbitration process . . . ." We reverse the order with directions.[2]

---

[1]We deem this order appealable, because it in essence operated as an order vacating an arbitration award. (Code Civ. Proc., § 1294, subd. (c).)

[2]The Realtors' assertion the appeal is moot as to Irish and Bennett because the arbitration award entered in favor of the Milheisers assessed costs against Herbert Hawkins Realtors, Inc., individually, is without merit. The award expressly provides that all "[p]laintiffs shall take nothing by way of their complaint."

*Factual and Procedural Background*

After Realtors sued alleging breach of contract, the Milheisers asserted several defenses and claimed attorney fees and costs. When the matter was referred to judicial arbitration, the parties stipulated the arbitration hearing would be held before a specific arbiter on March 20, 1981, at his office. That day, Realtors' counsel called the arbiter's office and stated one of his clients was ill. The arbiter telephoned Realtors' counsel and was told he was in court in Downey. The arbitration proceeded and the arbiter found in favor of the Milheisers, awarding them $1,043 in costs (including attorney fees). The award was filed March 23, 1981.

Realtors timely requested a trial de novo. The case was restored to the civil active list and set for a mandatory settlement conference. Before conference, Realtors' voluntary dismissal *without prejudice* was entered by the court clerk. The Milheisers' request for an abstract of judgment based on the arbitration award and the memorandum of costs and disbursements was denied on the ground the dismissal was without prejudice. Contending he had effectively nullified the arbiter's decision, Realtors' counsel refused to withdraw the dismissal so the arbitration award could be reinstated.

The Milheisers then moved for an order of dismissal with prejudice and awarding of costs, arguing Realtors had illegally circumvented Orange County Superior Court Rule, rule 31, section 17(7).[3] Rule 31, section 17(7) provides: "If a party has requested trial after arbitration, the request may not be withdrawn except by a written instrument, signed by counsel for all parties appearing in the case, expressly agreeing that a non-appealable judgment may be entered on the arbitration award." The trial court denied the motion, commenting the Realtors did not seek "withdrawal," but a dismissal, and rule 31, section 17(7) did not apply. We conclude the superior court rule is not in derogation of any statute, California Rules of Court or decisional law, and correctly reflects the legislative policy underlying judicial arbitration.

■ *The Realtors Were Not Entitled to Dismiss*
*Without Prejudice*

The Milheisers contend an arbitration before an arbiter appointed pursuant to the judicial arbitration statutes must be construed as a "trial" for purposes of denying a plaintiff the absolute right to dismiss an action without prejudice under Code of Civil Procedure section 581, subdivision 1.[4] In essence, they contend any other result mocks the judicial arbitration statutes and defeats the

---

[3]All references to rules are to the Orange County Superior Court Rules unless otherwise specified.

[4]All statutory references are to the Code of Civil Procedure unless otherwise specified.

legislatively declared statutory purposes to efficiently, promptly, and equitably resolve minor civil disputes through the most economical use of limited court resources (§ 1141.10). The Realtors rely on the facially absolute right to dismiss an action without prejudice any time before commencing trial (§ 581, subd. 1) with the accompanying right to refile the same litigation.

■ We have a "statutory duty to construe each provision of the Code of Civil Procedure liberally and with a view to effect its objects and promote justice. (Code Civ. Proc., § 4.)" (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 579 [139 Cal.Rptr. 97, 565 P.2d 122].) To do so, we must first ascertain the intent of the Legislature in enacting the law. (*Moyer* v. *Workmen's Comp. Appeals Board* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ "'[A] statute should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts . . . .'" (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) "Wherever possible, potentially conflicting provisions should be reconciled in order to carry out the overriding legislative purpose as gleaned from a reading of the entire act." (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) "A construction which makes sense of an apparent inconsistency is to be preferred to one which renders statutory language useless or meaningless." (*Ibid.*) ■ Finally, statutes must be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying them—one practical, rather than technical, and one promoting a wise policy rather than mischief or absurdity. (*City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569]; *Anaheim Union Water Co.* v. *Franchise Tax Bd.* (1972) 26 Cal.App.3d 95, 105 [102 Cal.Rptr. 692].)

The Legislature responded to the demand for the efficient resolution of small civil claims by enacting the Judicial Arbitration Act. (See ch. 2.5, §§ 1141.10, 1141.20 added by Stats. 1975, ch. 1006, § 1, p. 2364.) This was later amended to require compulsory arbitration in counties with 10 or more judges in all civil cases where the amount in controversy in the opinion of the court did not exceed $15,000 for each plaintiff. (See Stats. 1978, ch. 743, § 1, p. 2303, operative July 1, 1979; § 1141.11.) The Legislature expressly declared arbitration hearings be simple, economical, informal and private in procedural character to insure prompt and equitable dispute resolution. (§ 1141.10, subds. (b)(1) and (2).) The Judicial Council was ordered to promulgate practice and procedure rules. (§ 1141.14.) "Cognizant of article I, section 16 of the California Constitution which gives to all the inviolate right to trial by jury and sensitive to the competing interests of those who would be affected by the legislation, the Legislature also provided in section 1141.20 that within 20 days

following the arbitration award '[a]ny party may elect to have a de novo trial, by court or jury, both as to law and facts.' " (*Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 468 [184 Cal.Rptr. 83].) Thus, section 1141.20, and the adopted corresponding California Rules of Court, rules 1615(c) and 1616(a), were added allowing a party, dissatisfied with the arbitration award, to take the action to trial. (*Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411, 415 [173 Cal.Rptr. 403].) Absent a request for a de novo trial, an arbitration award is final (§ 1141.20) and, if not vacated, must be entered in the judgment book and "shall have the same force and effect as a judgment in any civil action or proceeding, except it is not subject to appeal and it may not be attacked or set aside except as provided by Section 1286.2 or a Judicial Council rule." (§ 1141.23.)

 Within the context of this case, Realtors obtained their dismissal without prejudice under subdivision 1 of section 581, following an adverse arbitration award and their request for a trial de novo. Section 581 provides: "An action may be dismissed in the following cases: "1. By plaintiff, by written request to the clerk . . . at any time before the actual commencement of the trial . . . ; provided, that affirmative relief has not been sought by the cross-complaint of the defendant . . . . A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation of the first witness, or the introduction of any evidence."

"Apart from certain omitted and irrelevant statutory exceptions, plaintiff's right to a voluntary dismissal pursuant to subdivision 1 appears to be absolute. [Citation.] . . . The implication of a subdivision 1 dismissal is that it is generally 'without prejudice' to a plaintiff's filing of a new action on the same allegations if it is done within the period of the appropriate statute of limitations. [Citation.]" (*Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d 781, 784.)

However, permitting Realtors to voluntarily dismiss without prejudice defeats the express legislative purpose of "expediting and removing complexities from the judicial process relating to small civil claims . . . ." (*Alvarado* v. *City of Port Hueneme* (1982) 133 Cal.App.3d 695, 705 [184 Cal.Rptr. 154].) Such a construction of the interrelationship of the relevant statutes produces absurd consequences and promotes mischievous lawyering.[5]

---

[5]The Orange County Superior Court enacted rule 31, section 17(7) by authority of Government Code section 68070, allowing adoption of "local rules to implement the judicial arbitration statutes and the Judicial Council rules provided the local rules are not inconsistent with the law and the rules prescribed by the Judicial Council." (*Hebert* v. *Harn, supra,* 133 Cal.App.3d 465, 468.) This pragmatic rule conditions the right to withdraw a request for a trial de novo upon a written agreement of counsel for all parties expressly allowing a non-appealable judgment to be entered on the arbitration award.

No party has the right to avoid the judicial arbitration award at their whim, and the party requesting a trial de novo may either proceed with a trial de novo or allow the award to be entered as a judgment, challengeable as provided by section 1286.2 or Judicial Council rules. (§ 1141.23.) When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20.[6] Accordingly, we hold a party is not entitled to a voluntary dismissal without prejudice within the judicial arbitration setting merely to avoid an unfavorable arbitration award.[7] ■ Section 581, subdivision 1 is thus not applicable here; for, "[i]t is well settled that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Kennedy* v. *City of Ukiah* (1977) 69 Cal.App.3d 545, 552 [138 Cal.Rptr. 207]; *Hetherington* v. *State Personnel Bd.* (1978) 82 Cal.App.3d 582, 593 [147 Cal.Rptr. 300]; *English Manor Corp.* v. *Vallejo Sanitation & Flood Control Dist.* (1974) 42 Cal.App.3d 996, 1001 [117 Cal.Rptr. 315].)

Consistent with our holding, the Supreme Court stated in *Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d 781, "once a general demurrer is sustained with leave to amend and plaintiff does not so amend within the time authorized by the court or otherwise extended by stipulation or appropriate order, he can no longer voluntarily dismiss his action pursuant to section 581, subdivision 1 even if the trial court has yet to enter a judgment of dismissal on the sustained demurrer." (*Id.,* at p. 789.)[8] In reaching its conclusion, the court declared: "Permitting a plaintiff to exercise an absolute right to dismiss his action without prejudice to recommencing suit based upon the same allegations, even after the trial court has ruled definitively and adversely on the sufficiency of those allegations, makes neither good sense nor good law.

" . . . . . . . . . . . . . . . . . . .

"The obvious consequence of such a statutory construction would be to prolong, rather than to terminate lawsuits. It would not serve the orderly and time-

---

[6]The lack of a request for a trial de novo is akin to a voluntary dismissal, reflecting the opinion of the plaintiff further prosecution is not wise or useful. (*Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 465 [181 Cal.Rptr. 878].)

[7]We see no problems with voluntary dismissals without prejudice *before* a judicially ordered arbitration begins.

[8]Section 581, subdivision 3 permits dismissal "[b]y the court . . . when, after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, and either party moves for such dismissal."

ly disposition of civil litigation." (*Wells* v. *Marina City Properties, Inc.*, *supra*, 29 Cal.3d 781, 788-789.)

## *Disposition*:

The order is reversed and the trial court is directed to vacate Realtors' dismissal without prejudice and treat Realtors' dismissal as a repudiation of their request for a trial de novo, and enter the award as a judgment pursuant to section 1141.23.

Brown (Gerald), P. J., and Butler, J., concurred.