[Nos. A126027, A126670. First Dist., Div. Five. Mar. 29, 2011.]

AUDRIE LEE et al., Plaintiffs and Appellants, v.
DAVID SHU WAI KWONG et al., Defendants and Respondents.

[CERTIFIED FOR PARTIAL PUBLICATION*]

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.

## COUNSEL

Wild, Carey & Fife, John E. Carey, Jr., and Enoch Wang for Plaintiffs and Appellants.

Peter S. Hwu and Paul D. Cass for Defendant and Respondent David Shu Wai Kwong.

Inter-Pacific Law Group and Arthur J. Liu for Defendants and Respondents Hanying Wang Gao and James Ming Gao.

## OPINION

**BRUINIERS, J.**—Plaintiffs/appellants Audrie Lee and Nelson Lee (collectively, appellants) participated in a judicial arbitration of their complaint. (Code Civ. Proc., § 1141.10 et seq.)[1] After suffering an unfavorable arbitration award, appellants first requested a trial de novo but then filed a voluntary dismissal of their complaint without prejudice. Several of the defendants/respondents moved to vacate the dismissal and to reinstate the arbitration award, and sought recovery of attorney fees as prevailing parties in the arbitration. The trial court granted the motion, entered judgment on the

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

arbitration award and subsequently fixed the amount of the fees. Appellants filed separate appeals from the judgment (appeal No. A126027) and from the postjudgment attorney fee order (appeal No. A126670), which we have consolidated. In the published portion of our decision we affirm reinstatement of the arbitration award and entry of judgment thereon. In the nonpublished portion of our opinion we also affirm the attorney fee order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, Audrie Lee executed a purchase agreement (Lee-Kwong Agreement) with David Shu Wai Kwong and Alice Kwong (collectively, the Kwongs), wherein Lee and/or her assignee, Nelson Lee, agreed to purchase the Kwongs' restaurant business in Millbrae. Pursuant to the agreement, escrow was to close no later than May 8, 2006. The Lee-Kwong Agreement also provided: "In any action, proceeding, or arbitration between Buyer and Seller, arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller . . . ."

Appellants' complaint, filed July 11, 2007, alleges that escrow did not close and that, in December 2006, David Kwong sold or assigned an interest in the restaurant to James Ming Gao and Hanying Wang Gao (collectively, the Gaos).[2] Appellants alleged causes of action for specific performance against both the Kwongs and the Gaos, for breach of contract against the Kwongs, and for tortious interference with contract against both David Kwong and the Gaos.[3] The complaint also included causes of action for breach of a lease agreement and interference with contract, against Joseph Welch and the Welch Family Partnership (collectively, Welch), owners of the restaurant premises.[4]

The parties agreed to judicial arbitration (§ 1141.10 et seq.).[5] The arbitrator denied appellants' claims and awarded costs and attorney fees, "upon appropriate filing with the Court," to the Kwongs, the Gaos, and Welch (collectively, respondents). Appellants requested a trial de novo, pursuant to section

---

[2] With respect to the Gaos, the complaint provides: "Plaintiffs are informed and believe and allege thereon that the Gao's [sic] accepted an interest in the restaurant with full knowledge of plaintiffs [sic] contract with Kwong and with full knowledge of plaintiffs [sic] claim to ownership to the restaurant. Plaintiffs are informed and believe and allege thereon that Kwong transferred an interest in the restaurant in order [to] deprive plaintiffs' [sic] of the benefits of their agreement."

[3] The complaint was separately dismissed with prejudice as against Alice Kwong. She is not a party to this appeal.

[4] Welch has not filed a respondent's brief.

[5] Section 1141.10 provides: "(a) The Legislature finds and declares that litigation involving small civil cases can be so costly and complex that efficiently resolving these civil cases is

1141.20, subdivision (a).[6] Trial was set for May 4, 2009. On March 17, 2009, appellants filed a request for dismissal of the complaint without prejudice. The court clerk entered the dismissal as requested.

David Kwong and the Gaos filed motions to vacate the dismissal, asking that the trial court enter judgment in their favor, based on the arbitration award. They also argued their entitlement to attorney fees, relying on Civil Code section 1717 and the attorney fee provision contained in the Lee-Kwong Agreement. The court granted the motions and reinstated the arbitration award as a judgment. The court's minute order provided: "The arbitration award awarded [respondents] statutory costs and attorney fees. The issue of attorney fees and costs shall be decided upon further motions by [respondents] should they choose to file." Appellants filed a timely notice of appeal from the judgment.

Appellants moved for reconsideration of the court's reinstatement of the arbitration award. David Kwong and the Gaos moved for their attorney fees incurred in the arbitration. The trial court granted the attorney fee motions and denied appellants' motion for reconsideration. The court's order provided: "IT IS FURTHER ORDERED that Defendant David Kwong's Motion to Fix Amount of Attorney's Fees As Costs in Contract Action is granted and said defendants [sic] are awarded fees of $31,300.00 and costs of $3,198.53 for a total of $34,498.53 against plaintiffs Audrie Lee and Nelson Lee. [¶] IT IS FURTHER ORDERED that Defendants David Kwong, James Gao, And Hanying Wang Gao's Motion for Attorneys' Fees And Costs is granted and said defendant [sic] is awarded fees of $31,501.00 and costs of $4,021.47 for a total of $35,522.47 against plaintiffs Audrie Lee and Nelson Lee." Appellants filed a separate notice of appeal from this order and, as noted *ante*, the appeals were consolidated for decision.[7]

difficult, and that the resulting delays and expenses may deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an efficient and equitable method for resolving small civil cases, and that courts should encourage or require the use of arbitration for those actions whenever possible. [¶] (b) It is the intent of the Legislature that: [¶] (1) Arbitration hearings held pursuant to this chapter shall provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of their disputes. [¶] (2) Arbitration hearings shall be as informal as possible and shall provide the parties themselves maximum opportunity to participate directly in the resolution of their disputes, and shall be held during nonjudicial hours whenever possible. [¶] (3) Members of the State Bar selected to serve as arbitrators should have experience with cases of the type under dispute and are urged to volunteer their services without compensation whenever possible."

[6] Section 1141.20, subdivision (a), provides: "An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court."

[7] Respondents do not contest appealability in their briefs. In *Kelley v. Bredelis* (1996) 45 Cal.App.4th 1819, 1823–1824 [53 Cal.Rptr.2d 536] (*Kelley*), the trial court granted the

## II. Discussion

### A. *Appeal from the Judgment*

■ Appellants contend that the trial court exceeded its jurisdiction by vacating their dismissal and reinstating the arbitration award. They contend that section 581, which allows a plaintiff to voluntarily dismiss, with or without prejudice, an action "before the actual commencement of trial . . . ," ensures their absolute right to abandon their complaint. (§ 581, subds. (b)(1), (c).)[8] "Upon the *proper exercise* of [a plaintiff's right to voluntary dismissal pursuant to section 581], a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action." (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217], italics

defendant's motion to vacate a request for trial de novo and motion for attorney fees, entered judgment on an arbitration award, and subsequently set the amount of attorney fees recoverable. On appeal, the defendant argued that the judgment was not appealable, pursuant to section 1141.23, which provides: "The arbitration award shall be in writing, signed by the arbitrator and filed in the court in which the action is pending. If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, *except that it is not subject to appeal* and it may not be attacked or set aside except as provided by Section 473, 1286.2, or Judicial Council rule." (Italics added.) The *Kelley* court noted: "Here, the arbitrator specifically determined that the defendant should recover her attorney fees as the prevailing party, but did not determine the amount of those fees. The plaintiffs, however, do not contest the reasonableness of the fees awarded. Instead, they contend that the defendant is not statutorily entitled to recover attorney fees in any amount." (*Kelley, supra,* 45 Cal.App.4th at p. 1824.) The *Kelley* court declared the judgment appealable, but limited its review to the trial court's actions. The court stated: "Since the trial court granted defendant's motion for entry of judgment on the arbitration award and set the amount of the attorney fees awarded by the arbitrator, we consider whether the trial court erred in doing so." (*Ibid.*) When it came to reviewing the award of attorney fees, the majority opinion provides: "the substance of the arbitration award, including the award of attorney fees pursuant to Civil Code section 1717, is not appealable. (§ 1141.23.) . . . If plaintiffs disagreed with the award of attorney fees by the arbitrator, their only remedy was a trial de novo. [Citation.]" (*Id.* at p. 1832.)

We conclude that the judgment in this case is similarly appealable. But, with respect to attorney fees, we conclude in the unpublished portion of our opinion that appellants present a challenge to the substance of the arbitration award, which is not appealable.

[8] Section 581, subdivision (b)(1), provides: "An action may be dismissed in any of the following instances: [¶] (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time *before the actual commencement of trial,* upon payment of the costs, if any." (Italics added.) Section 581, subdivision (c), provides: "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." Section 581, subdivision (e), provides: "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

added.) Thus, the question is whether appellants properly exercised their right to voluntary dismissal under section 581. The trial court's application of section 581 to undisputed facts is a question of law and we review the trial court's determination de novo. (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 262 [82 Cal.Rptr.3d 629].)

■ Section 581, subdivision (a)(6), provides: "A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." Notwithstanding the statutory definition, "the California Supreme Court has construed the phrase 'commencement of trial' in section 581 to include '*determinations* on matters of law *which dispose of the entire case*, such as some demurrers and pretrial motions. [Citations.]' [Citation.] Therefore, 'commencement of trial' under section 581 is not restricted to only jury or court trials on the merits, but also includes *pretrial* procedures that *effectively dispose of the case*. [Citations.]" (*Gogri v. Jack in the Box Inc., supra*, 166 Cal.App.4th at pp. 261–262.) "[T]he language in section 581, subdivision (a)(6) is not exclusive—it tells you that some things constitute a trial but it doesn't say that those are the only things that constitute a trial . . . ." (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 194 [55 Cal.Rptr.3d 424].)

Appellants contend that they were entitled to voluntarily dismiss their complaint without prejudice, pursuant to section 581, despite a judicial arbitration award in favor of respondents. They argue that, since they had requested trial de novo, trial had not commenced at the time of their dismissal.

■ The authority, however, is to the contrary. "[A]n arbitration is viewed as a trial on the merits," pursuant to section 581. (*Kelley, supra*, 45 Cal.App.4th at p. 1827; see also *Herbert Hawkins Realtors, Inc. v. Milheiser* (1983) 140 Cal.App.3d 334, 337, 339–340 [189 Cal.Rptr. 450] (*Herbert Hawkins*).) Accordingly, appellate courts have uniformly held that a party repudiates its request for a trial de novo after judicial arbitration when it subsequently voluntarily dismisses a complaint. Such action by a party who has received an unfavorable judicial arbitration award triggers finalization of the judicial arbitration award as judgment. (*Kelley, supra*, 45 Cal.App.4th 1819; *Calderon v. Kane* (1995) 36 Cal.App.4th 1663 [43 Cal.Rptr.2d 480] (*Calderon*); *Herbert Hawkins, supra*, 140 Cal.App.3d 334.)

In *Herbert Hawkins, supra*, 140 Cal.App.3d 334, the Milheisers were sued for breach of contract. The matter was referred to judicial arbitration, which resulted in an award of costs and attorney fees to the Milheisers. (*Id.* at

p. 337.) The plaintiffs filed a timely request for trial de novo. But, before a mandatory settlement conference, a voluntary dismissal without prejudice was entered by the clerk. (*Ibid.*) The Milheisers appealed from the trial court's denial of their motion to amend the dismissal order to reflect a dismissal with prejudice. (*Id.* at pp. 336–337.)

On appeal, the Milheisers argued that "an arbitration before an arbiter appointed pursuant to the judicial arbitration statutes must be construed as a 'trial' for purposes of denying a plaintiff the absolute right to dismiss an action without prejudice under . . . [former] section 581, subdivision 1."[9] (*Herbert Hawkins, supra,* 140 Cal.App.3d at p. 337, fn. omitted.) The Fourth District Court of Appeal looked first to the Judicial Arbitration Act (§ 1141.10 et seq.), noting: "The Legislature responded to the demand for the efficient resolution of small civil claims by enacting the Judicial Arbitration Act. [Citation.] . . . The Legislature expressly declared arbitration hearings be simple, economical, informal and private in procedural character to insure prompt and equitable dispute resolution. (§ 1141.10, subds. (b)(1) and (2).) [S]ection 1141.20 . . . [was] added allowing a party, dissatisfied with the arbitration award, to take the action to trial. [Citation.] Absent a request for a de novo trial, an arbitration award is final (§ 1141.20) and, if not vacated, must be entered in the judgment book and 'shall have the same force and effect as a judgment in any civil action or proceeding, except it is not subject to appeal and it may not be attacked or set aside except as provided by Section 1286.2 or a Judicial Council rule.' (§ 1141.23.)" (*Herbert Hawkins,* at pp. 338–339.)

■ Given the aims of the Judicial Arbitration Act, the court agreed with the Milheisers that the plaintiff no longer had an absolute right to dismiss without prejudice following an unfavorable arbitration award. The court reasoned that "permitting [plaintiff] to voluntarily dismiss without prejudice defeats the express legislative purpose of 'expediting and removing complexities from the judicial process relating to small civil claims . . . .' [Citation.] Such a construction of the interrelationship of the [arbitration and dismissal] statutes produces absurd consequences and promotes mischievous lawyering. [¶] . . . When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20." (*Herbert Hawkins, supra,* 140 Cal.App.3d at pp. 339–340, fns. omitted.) Accordingly, the court held that "a party is not entitled to a

---

[9] At the time, former section 581 provided, in relevant part: " 'An action may be dismissed in the following cases: [¶] 1. By plaintiff, by written request to the clerk . . . at any time before the actual commencement of the trial . . . .' " (*Herbert Hawkins, supra,* 140 Cal.App.3d at p. 339.)

voluntary dismissal without prejudice within the judicial arbitration setting merely to avoid an unfavorable arbitration award." (*Id.* at p. 340, fn. omitted.) The trial court was directed to vacate the dismissal without prejudice, treat the plaintiffs' dismissal as a repudiation of their request for a trial de novo, and enter the arbitration award as a judgment. (*Id.* at p. 341.)

Recognizing that *Herbert Hawkins* is squarely on point, appellants do not even attempt to distinguish it. Instead, appellants argue that *Herbert Hawkins* was wrongly decided and that it adds an unwarranted judicial gloss to the judicial arbitration statute.[10] However, in *Calderon*, this court rejected the same argument, noting that "[t]here is no reason a dissatisfied party should be able to render the entire arbitration proceeding a judicial nullity by the simple procedural tactic of requesting a trial de novo and then dismissing that request." (*Calderon, supra*, 36 Cal.App.4th at pp. 1666–1667; see also *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 171–172 [60 Cal.Rptr.2d 428] [considering whether presentation of evidence before referee in partition proceeding was tantamount to commencement of trial].) Appellants present no compelling reason for us to now reconsider that rule.

We are not alone in our view that *Herbert Hawkins* was correctly decided. The Fourth District reached the same conclusion in *Kelley*. (*Kelley, supra*, 45 Cal.App.4th at pp. 1825–1828.) *Kelley* involved the plaintiffs' dismissal of their complaint with prejudice after seeking de novo trial on an unfavorable judicial arbitration award. (*Id.* at p. 1822.) The trial court granted the defendant's motion to vacate the request for trial de novo and to enter judgment on the arbitration award, which had awarded attorney fees to the defendant. (*Id.* at pp. 1822–1823.) On review, a majority of the *Kelley* court commented: "Although this case involves a dismissal *with* prejudice while *Herbert Hawkins* involved a dismissal *without* prejudice, we find no significant reason to treat the two types of dismissal differently under the facts of this case." (*Id.* at p. 1826.) The majority concluded that, for purposes of section 581, "an arbitration is viewed as a trial on the merits." (*Kelley*, at p. 1827.)

The *Kelley* majority went on to affirm the award of attorney fees to the defendant under Civil Code section 1717,[11] noting that "a dismissal filed after an arbitration award carries with it the consequence of paying previously

---

[10] Appellants contend that judicial arbitration is merely another form of alternative dispute resolution, and that on rejection of an arbitration award by a request for trial de novo, "the slate is wiped clean." As we discuss *post*, this simplistic view ignores the otherwise binding and nonappealable effect of an arbitration award if a party fails to seek a de novo trial. (See §§ 1141.20, 1141.23.)

[11] Civil Code section 1717 provides, in relevant part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the

awarded attorney fees." (*Kelley, supra*, 45 Cal.App.4th at p. 1831.) Thus, the court concluded that "the substance of the arbitration award, including the award of attorney fees pursuant to Civil Code section 1717, [wa]s not appealable. (§ 1141.23.) . . . If plaintiffs disagreed with the award of attorney fees by the arbitrator, their only remedy was a trial de novo. [Citation.]" (*Kelley*, at p. 1832.) The majority also observed: "Since the dismissal and the request for a trial de novo were vacated, Civil Code section 1717, subdivision (b)(2) is not applicable, i.e., there was no longer a voluntary dismissal. Accordingly, the trial court properly entered judgment on the arbitrator's award, including the arbitrator's award of attorney fees, and set the amount of the fees." (*Kelley*, at p. 1832.)

Appellants argue that the *Herbert Hawkins* rule, insofar as it allows attorney fees to be awarded after a voluntary dismissal, conflicts with Civil Code section 1717, subdivision (b)(2). But, here, as in *Kelley*, the request for dismissal was *vacated*. Thus, the trial court's award of attorney fees to respondents in this case does not violate Civil Code section 1717, subdivision (b)(2) because the action had no longer been "voluntarily dismissed." The dissenting opinion in *Kelley, supra*, 45 Cal.App.4th at pages 1836–1837 (dis. opn. of McKinster, J.), on which appellants rely, has no precedential value.

Nor does our Supreme Court's decision in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 71 Cal.Rptr.2d 830 [951 P.2d 399] (*Santisas*) suggest, as appellants argue, that *Herbert Hawkins* or *Kelley* has been implicitly abrogated. In *Santisas*, the Supreme Court held "that in voluntary pretrial dismissal cases, Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims . . . ." (*Santisas*, at p. 602.) But, *Santisas* did not involve a voluntary dismissal that was vacated or reinstatement of an unfavorable judicial arbitration award. In fact, in *Santisas*, there had been no adjudication on the merits in any context. Because there was no question that the plaintiffs were entitled to voluntarily dismiss their complaint, with prejudice, after only conducting discovery proceedings, the *Santisas* court did not even consider the issue of what constitutes "commencement of trial," under section 581. (*Santisas*, at p. 603.) Thus, the holding of *Santisas* does not conflict with the *Kelley* court's conclusion that Civil Code section 1717, subdivision (b)(2), has no application in this

---

party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] (b) . . . [¶] (2) Where an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section."

context, when a voluntary dismissal has been vacated and a judicial arbitration award reinstated.[12] (*Kelley, supra,* 45 Cal.App.4th at pp. 1831–1834.)

We similarly reject appellants' claim that recent appellate decisions interpreting section 581 have undermined *Herbert Hawkins.* None of the authority cited by appellants involves voluntary dismissal after an unfavorable arbitration award. (See *Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869 [100 Cal.Rptr.3d 771] [voluntary dismissal timely when filed before ruling on anti-SLAPP (strategic lawsuit against public participation) motion]; *Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67 [94 Cal.Rptr.3d 468] [voluntary dismissal timely when filed before ruling on motion to enforce settlement]; *Gogri v. Jack in the Box Inc., supra,* 166 Cal.App.4th 255 [voluntary dismissal timely when filed before tentative summary judgment ruling]; *Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167 [132 Cal.Rptr.2d 842] [voluntary dismissal timely when filed one day before summary judgment opposition due].) In none of those cases had there been even a tentative ruling on the plaintiffs' claims. None of the cited authorities conflict with the conclusion that "an arbitration is viewed as a trial on the merits." (*Kelley, supra,* 45 Cal.App.4th at p. 1827.) In fact, recent appellate opinions have cited the *Herbert Hawkins* line of authority with approval, relying on it to support a similar rule when attorney fee disputes are arbitrated under the Mandatory Fee Arbitration Act (Bus. & Prof. Code, § 6200 et seq.). (See *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 598–601 [86 Cal.Rptr.3d 784]; *Corell v. Law Firm of Fox and Fox* (2005) 129 Cal.App.4th 531, 537–538 [28 Cal.Rptr.3d 310].)

█ The trial court did not err by vacating appellants' dismissal and reinstating the arbitration award.

B. *Appeal from the Attorney Fees Order**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[12] *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] is distinguishable for the same reason. Contrary to appellants' suggestion, the *Kelley* majority only relied on *Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421 [43 Cal.Rptr.2d 595] (*Honey Baked Hams*) as a theoretical alternative basis for the attorney fee award if it was not properly awarded under Civil Code section 1717, subdivision (b)(2). (*Kelley, supra,* 45 Cal.App.4th at pp. 1828–1829, 1832–1833.) *Honey Baked Hams* held that voluntary dismissal barred recovery of attorney fees under *unilateral attorney fee provisions.* Fees under reciprocal attorney fee provisions were deemed not subject to the rule. (*Honey Baked Hams,* 37 Cal.App.4th at p. 426.) Thus, the fact that *Honey Baked Hams, Inc. v. Dickens, supra,* 37 Cal.App.4th 421 was later disapproved on this point by our Supreme Court, in *Santisas, supra,* 17 Cal.4th at page 614, footnote 8, is of no consequence to our decision. The *Santisas* court did not disapprove *Kelley.*

*See footnote, *ante,* page 1275.

### III. Disposition

The judgment and attorney fee order are affirmed. Respondents shall recover their costs on appeal.

Simons, Acting P. J., and Needham, J., concurred.

A petition for a rehearing was denied April 25, 2011, and appellants' petition for review by the Supreme Court was denied June 29, 2011, S192894. Corrigan, J., did not participate therein.