Filed 6/21/22  Brokaw v. Morey and Upton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DENNIS BROKAW et al., | |
| Plaintiffs and Appellants, | G061003 |
| v. | (Super. Ct. No. 30-2017-00897307) |
| MOREY AND UPTON, LLP, et al., | OPINION |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Dismissed.

Dahl Law Firm and Richard Arthur Dahl for Plaintiffs and Appellants.

Gaglione, Dolan & Kaplan and Robert T. Dolan for Defendants and Respondents.

Dennis and Bonnie Brokaw (the Brokaws) appeal from the trial court's denial of their motion to reconsider a denial of their request to vacate Bonnie's.[1] voluntary dismissal. We dismiss because we agree with the parties that no appealable order is presented.

FACTS

The Brokaws filed the underlying lawsuit against Morey and Upton, LLP, who represented them in an earlier lawsuit arising out of personal injuries sustained by Dennis. In this lawsuit, Bonnie, through her counsel, filed a 2018 request to dismiss her claim without prejudice, which the trial court clerk entered immediately.

In 2018 and 2021, respectively, Bonnie twice unsuccessfully moved to vacate her voluntary dismissal.[2] The trial court also denied the Brokaws' subsequent motion for reconsideration based on Code of Civil Procedure section 1008, subdivision (a). (All further statutory references are to the Code of Civil Procedure.) Relevant here, a notice of entry of the court's denial of the second motion to vacate was served on the Brokaws on August 30, 2021, followed two months later by service of the notice of the order denying reconsideration on November 5.

The Brokaws filed their notice of appeal on December 30, 2021. Both that document and their subsequently filed civil case information statement only identified the trial court's denial of their reconsideration motion as the order challenged on appeal. We requested briefing on whether there is an appealable order before us. In response, the Brokaws acknowledge no appealable order has been presented as Bonnie's voluntary

---

[1] Because appellants share a surname, we refer to them by their first names to avoid confusion. We intend no disrespect.

[2] Because of the ground for our disposition, we neither specify which Brokaw filed which motion nor consider any potential issues of standing to appeal.

dismissal entered by the clerk does not qualify as an appealable judgment or order. Based on their concession, the Brokaws contend they appealed prematurely and "request leave of [this] court to file a [petition for w]rit of [m]andate." In the alternative, they request we dismiss this appeal "without prejudice" so they may "either file an appeal after the [trial c]ourt enters a proper *[sic]* signed order or judgment."[3]

## DISCUSSION

Morey and Upton contend we should dismiss this appeal for lack of an appealable order. They further assert arguendo that even with an appealable order, appeal would be untimely. Although the alternative argument is correct,.[4] the absence of appealability is the more fundamental defect. We conclude future review consistent with section 904.1 should not be precluded.

"An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g).)

Here, the order underlying appellants' motion for reconsideration-i.e., appellants' 2021 (second) motion to vacate Bonnie's voluntary dismissal-was not appealable as there was no appealable judgment or order underlying it. (See *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1815 ["clerk's entry of default is a

---

[3] We will not speculate on what circumstances the Brokaws contend would warrant a "proper signed order." (See, e.g., *Lee v. Kwong* (2011) 193 Cal.App.4th 1275, 1281 ["arbitration is viewed as a trial" for § 581 dismissal purposes].)

[4] No calculation of deadlines would support a conclusion of timeliness. (See Cal. Rules of Court, rule 8.104(a) [normal deadlines to appeal] and rule 8.108(e) [extensions for motions for reconsideration].) We do not exercise our discretion to treat the Brokaws' request for appellate review as a request for writ relief. (See *Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701-702 & fn. 6.)

ministerial act" and not an appealable Code of Civil Procedure section 58ld "order of dismissal"]; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [motion to vacate default may only be reviewed on appeal from default judgment].) We neither discern nor have been advised of any dismissal judgment or order signed by the court. (See *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577-1578 [dismissal through minute order not signed by court does not satisfy section 581d and therefore is not appealable].) Because there is no appealable judgment or order before this court, dismissal is required. *(Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)

Finally, although an unqualified appeal dismissal will preclude future appellate review(§ 913), we conclude our lack of jurisdiction under the circumstances should not foreclose potential review of an appealable order or judgment. (See *People v. Adamson* (1949) 33 Cal.2d 286, 289 ["Inasmuch as the purported appeal is from a nonappealable order, jurisdiction of the cause remains in the superior court"].)

## DISPOSITION

The appeal is dismissed. Respondents shall recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

4